Nov. Term, 1860.

PENCE
v.
CHRISTMAN.

---

PENCE *v.* CHRISTMAN.

In an affidavit for a continuance, it is not enough for the party asking the continuance to state, that he has used due diligence to obtain the testimony ; the facts constituting such "due diligence" must be specially set out.

Nov. Term, 1860.

PENCE
v.
CHRISTMAN.

After the Court has passed upon the application for a continuance, it is not error to refuse leave to amend the affidavit.

If the maker of a promissory note, tainted with usury, procures a third person to pay the note for him, and gives to such person a new note for the amount thus paid, he can not, in a suit upon such note, set up the usury in the original note.

*Saturday, December 8.*

APPEAL from the *Warren* Circuit Court.

WORDEN, J.—*Christman* sued *Pence* upon two promissory notes, executed by the defendant to the plaintiff, one for $944, dated *December* 6, 1858, the other for $333 and 73 cents, dated *May* 6, 1858.

The defendant answered that the first mentioned note was usurious, in this; that it was given in consideration of a note previously given by the defendant to one *George C. Tyler*, and by the latter transferred to the plaintiff without indorsement, for the sum of $800, which last mentioned note, as set out, was made payable on *June* 6, 1857; and it is averred that $144 of the note sued on was given for usurious interest.

The other note sued on is also alleged to have been usurious, in this; that it was given in consideration of a note previously given by the defendant to the plaintiff for $280 and 33 cents, which last mentioned note was dated *May* 6, 1857, and payable one day after date, and that the excess of the note sued on over that for which it was given, was usurious. Replications in denial. Trial by the Court. Finding and judgment for the plaintiff for $1169 and 14 cents, and judgment for the defendant for costs. Both parties moved for a new trial; the defendant, because the Court overruled a motion to continue the trial of the cause, and refused leave to amend his affidavit made for that purpose; and the plaintiff, because the finding was not sustained by the evidence.

The defendant below appeals, and assigns as error, the ruling of the Court on his motion for a continuance, and in refusing leave to amend his affidavit. He also assigns error in relation to the finding of the Court, but this can not be noticed, as it was not made a ground of his motion for a new trial.

The continuance was asked by the defendant in order to procure the testimony of one *William Lord*, and the affidavit

states that he "has used due diligence to obtain the evidence of said *William Lord*, having a subpœna issued to the sheriff of said county, and by said sheriff returned not found; that said affiant is now informed, and believes, that said *Lord* is in *Farmer's* Center, *Defiance* county, State of *Ohio*, and that said affiant expects to procure the evidence of said *Lord*," &c. The affidavit was objected to because it did not show proper diligence in procuring the testimony. We can, by no means, say that the Court transcended the bounds of legal discretion in refusing to continue the cause on this affidavit. It does not show due diligence. To be sure, the affidavit states that the party has used due diligence to obtain the testimony, but the facts constituting such diligence should be set out, in order that the Court may determine whether they amount to such; otherwise the party applying would be left to judge for himself what was sufficient diligence to entitle him to a continuance. Here, it does not appear when the subpœna issued, or when it was returned. For aught that appears it may have been issued the day before the trial, and after the party knew that the witness had gone away. Again, it does not appear when the party was apprized that the witness was in *Ohio*. He may have known it long enough before the trial to have taken his deposition.

The Court did not err in refusing leave to amend the affidavit, having passed upon the motion. *Shattuck* v. *Myers*, 13 Ind. 46.

This disposes of the errors assigned by the appellant. We find no cause to reverse the judgment at his instance.

The appellee assigns, by way of cross error, the refusal of the Court to grant a new trial on his application. The finding of the Court we deem to be right, on the supposition that both notes sued upon were usurious. There is no pretence that the original notes, for which those in suit were given, were tainted with usury, and the amount found by the Court is just the sum that those notes, with the interest thereon, amounted to when they were given up, and the notes sued upon given. The evidence is clear enough that the small note was usurious, but in relation to the larger note, we are of opinion that the finding is not sustained by the evidence.

The plaintiff, and *Tyler*, the payee of the large note, are the only witnesses introduced, and in their testimony there is no material discrepancy; there are no conflicting statements to reconcile, nor any determination required as to preponderance of evidence. They testify to the following state of facts: *Tyler* held the note against *Pence* for $800, and *Pence* requested the plaintiff to settle the same for him, telling him that he had promised to allow *Tyler* 12 per cent. interest on it. *Pence* then told *Tyler* that he had made arrangements with the plaintiff to pay the note, and *Tyler* handed the note to the plaintiff. The interest was computed on it at 12 per cent., making the $944, for which the plaintiff accounted to *Tyler*, and the note in suit was given to the plaintiff for that amount. Now, if this was an honest, fair, transaction, and not a device to evade the usury laws, there can be no doubt of the plaintiff's right to recover the full amount of the note sued upon. Although *Pence* was under no legal obligation to pay *Tyler* the 12 per cent., yet if he procured the plaintiff to pay it, he can not avoid the note given to the plaintiff in consideration of such payment. This proposition is fully sustained by the case of *Wright* v. *Hughes*, 13 Ind. 109, and authorities there cited.

There is nothing in the evidence which we think impugns the fairness of the transaction, or shows that it was resorted to by the plaintiff for the purpose of corruptly receiving usurious interest. We are of opinion, therefore, that the plaintiff's motion for a new trial should have been granted.

*Per Curiam.*—The judgment below is reversed upon the cross errors assigned by the appellee, at the costs of the appellant, and the cause remanded for a new trial.

*J. H. Brown, J. Park, B. F. Gregory* and *J. Harper*, for appellant.

*R. A. Chandler*, for appellee.