RHODES, TRUSTEE ET AL. *v.* DUNN.

[No. 16,123.  Filed March 20, 1939.]

*Atkinson & Sanders,* for appellants.

*Mountz & Mountz,* for appellee.

BRIDWELL, J.—Appellee brought this action against appellants to enjoin the collection of a special assessment against real estate owned by appellee, and described in his complaint, such assessment arising out of a proceeding for the construction of a partition fence purportedly had pursuant to the provisions of our statutory law for the "building, maintaining and repairing" of such fences. (See Burns' Indiana Stat. Anno. 1933, Sec. 30-201 to Sec. 30-206, inclusive, §§7633 to 7638 Baldwin's 1934.)

The complaint was answered by a general denial. The cause was submitted for trial, and the court, upon proper request therefor, made and filed its special finding of facts, and stated conclusions of law thereon, to each of which conclusions the appellants severally excepted. The decision was in favor of appellee, and judgment in accordance with the conclusions of law was rendered "that the defendants (appellants) should be and are perpetually enjoined from selling the real estate of the plaintiff (appellee) described in the complaint to satisfy the claim filed by the defendant Rhodes in the office of the county auditor against the plaintiff, and against the lands of the plaintiff described in the complaint, and from enforcing the collection of or collecting said claim of the defendant," and for the recovery of costs by plaintiff.

Appellants filed motion for a new trial, asserting as causes therefor that the decision of the court is not sustained by sufficient evidence, and that such decision is contrary to law. The motion was overruled, and this appeal followed. The errors assigned are the overruling

of said motion, and error in each of the three conclusions of law, which are as follows:

"(1) That the law is with the plaintiff, and he is entitled to the relief as prayed for.

"(2) That the defendants and each of them should be perpetually enjoined from selling the real estate of the plaintiff described in the complaint to satisfy the claim filed by the defendant Rhodes in the office of the county auditor for the cost of construction of the fence therein referred to and from enforcing the collection of such claim.

"(3) That the plaintiff should recover his costs in this action."

Appellants have made no attempt to bring the evidence into the record, and in their brief concede that the facts were correctly found by the trial court. They have failed to discuss the alleged error in overruling the motion for a new trial under the heading "Propositions and Authorities" of their brief, and such assigned error is therefore waived, leaving for consideration only the correctness of the conclusions of law.

From the facts as found by the court, it appears that on and prior to May 9, 1935, appellee and one Mary Kline were the owners of lands which adjoined and were located in Spencer township, DeKalb County, Indiana, the line between said lands being 80 rods in length, and running in a north and south direction; that prior to said May 9, the said Mary Kline constructed a lawful fence upon the north half of said line between said lands; that thereafter, on May 10, 1935, appellee received from the appellant Vernon Kline the following communication, dated May 9, 1935:

"A. E. Dunn,
Spencerville, Indiana.
I want a new line fence on your end within twenty (20) days, or I will take other proceedings at law.
VERNON KLINE,
Spencerville, Indiana."

It is also found as a fact that, on June 1, 1935, Frank E. Rhodes, the trustee of said Spencer township, DeKalb county, Indiana, sent to appellee a communication which was received by him, and was of the following tenor:

"Mr. A. E. Dunn,
Spencerville, Indiana.
Dear Sir: Mr. Vernon Kline has notified me that he is in need of a line fence between you and him and that twenty days ago he gave you notice that he wanted it built in the next twenty days.

"He now comes to me and demands that the trustee sees that it is built. The law says that it now becomes the duty of the trustee after giving notice for twenty days to hire some one to build fence and charge the tax against farm. Now Art I hope you will build this fence and save the expense of some one else building it for you as you can build it cheaper than some one else to build it. I am only acting in the capacity of the law which requires me to do my duty. You will be allowed until the 20th day of June this year to get the fence built and then, if not built the trustee must hire some one to build it for you, which no doubt will cost you more than to build it yourself. Please try and build this fence and thus save me the duty which I do not lik (like) to do.

Yours truly,
F. E. RHODES."

It further appears from the special finding of facts made by the court that the two communications hereinbefore set out are the only requests or notices received by the appellee, Dunn, relative to the building of a partition fence on the line between his land described in the complaint and the adjoining land of Mary Kline. It also appears that in August following the communication of June 1, 1935, the trustee of said township caused a fence to be constructed by workmen employed by him, and that, on the 12th day of August, 1935, said trustee filed in the office of the county auditor of said DeKalb county, a certain "written instrument" certify-

ing that pursuant to notice given to appellee "requiring him to build a partition fence between lands owned by him and Vernon Kline in said Spencer township" he had caused said partition fence to be constructed, making the same a lawful fence, and at a cost of $51.98, no part of which has been paid. In said "written instrument" (a copy of which is incorporated as a part of the special finding of facts) it is requested of the auditor that such cost of construction be placed on the tax duplicate as a special assessment against the real estate of the appellee. Said "written instrument" described said real estate, and contained an itemized statement of the cost occasioned by the building of said fence. It is also found as a fact that upon the filing of this written instrument with the auditor, said auditor placed the amount of the cost of construction of said fence upon the tax duplicate in the office of the county treasurer of said county, in a book kept for the entering of special assessments against lands, as a special assessment against the land of appellee, which assessment, together with a penalty in the amount of $4.16, is now carried on said duplicate against the lands of the plaintiff; that no part of the cost of constructing said fence or of said charge or assessment for the same have been paid by appellee; that the fence constructed by said trustee is of the materials and of the height and kind of construction required for a lawful partition fence. Other facts found by the court need not be detailed, since the consideration of them is not necessary in determining the question presented on appeal.

Our statute (heretofore cited) relative to partition fences, among other things, provides that:

"All partition fences shall be built, rebuilt, kept in repair at the cost of the several landowners whose lands are inclosed or separated by such fences equally according to the number of rods or proportion thereof such landowner may have along such line of

fence, whether his, her or their title be in fee simple or a life estate. If any landowner . . . shall fail or refuse to compensate for building, rebuilding or repairing his, her or their proportion of fence, any landowner interested in such fence, after having built, rebuilt or repaired his proportion of such fence, shall give to the defaulting landowner, his agent or tenant twenty (20) days' notice to build, rebuild or repair his proportion of such fence, as the case may be, and if such defaulting party shall fail to build, rebuild or repair such fence within said time, such landowner shall then notify the township trustee of the township wherein said lands are located of such fact: . . . Such trustee shall make out a statement and notify such defaulting party of the probable cost of building, rebuilding or repairing such fence, as the case may be, and if, after twenty (20) days, said fence is not built, rebuilt or repaired by such defaulting landowners, such trustee of such township shall build, rebuild or repair said fence, as the case may be: . . ." (Sec. 30-203 Burns 1933, §7635 Baldwin's 1934, *supra.*)

Our statute also provides that as soon as such township trustee has had such fence built that he shall make out a statement in duplicate of the actual cost incurred by so doing, one to be handed to the landowner affected by the work, and the other to be filed in the auditor's office of the county wherein said fence is located, and where the landowner resides affected by said work; and that said auditor shall place on the tax duplicate against the lands of the landowner affected by said work the amount expended in the construction of such fence, said amount to be collected as taxes are collected, and when collected to be paid to the township trustee filing said statement of expense. (Sec. 30-204 Burns 1933, §7636 Baldwin's 1934, *supra.*)

It is to be noted that the court finds that one Mary Kline, who is not a party to this action, owns the lands which adjoin the lands of appellee against which the special assessment was made. So far as the record discloses, appellant Vernon Kline had no

interest whatever in the lands which adjoin the lands of appellee, nor is it found that in the giving of the notice by him relative to the construction of the fence involved that he acted for or in behalf of the landowner, or with her authority or consent. There is no finding that Mary Kline, the only person authorized by the statute to do so, ever gave any notice or made any request either to the appellee, or to the appellant Rhodes as trustee of said Spencer Township to build any fence on the line between the lands owned by her and the land owned by appellee. While it is found as a fact that Vernon Kline was the son of Mary Kline, this fact alone would not authorize him to proceed as if he were, in fact, the landowner who had the right under our statutory law to enforce the building of a partition fence.

It also appears, from the facts as found, that said township trustee failed to comply with the statute in that he failed to furnish appellee Dunn, in the communication addressed by him to said appellee, or, so far as the special finding shows, at any time, an estimate of the probable expense of the construction of said fence, and failed, after the construction of the fence, to deliver to him a statement of the actual cost incurred by him in the building of said fence.

The appellant Frank E. Rhodes, as trustee of said Spencer Township, had no authority to construct the fence involved, except such as our statutes conferred upon him. While it is provided (Sec. 20-206 Burns 1933, §7638 Baldwin's 1934, supra) that the act shall be liberally construed in favor of the objects and purposes for which it is enacted, yet there must be a substantial compliance with the provisions of the statute before any authority exists on the part of the township trustee to construct a fence and create a lien against the lands of any resident of the township he is serving as as trustee.

Under the facts as found by the court in the instant case, we are of the opinion that said township trustee proceeded without right, and that the attempted assessment is wholly void, and made without authority of law for so doing. It follows that the court did not err in either of its conclusions of law.

Judgment affirmed.