BERNING ET AL. *v*. SCHEUMAN ET AL.

[No. 16,689. Filed April 15, 1942.]

*John L. DeVoss* and *Hubert R. McClenahan,* both of Decatur, for appellants.

*R. C. Parrish,* of Fort Wayne, and *Ferd L. Litterer,* of Decatur, for appellees.

BEDWELL, P. J.—This was an action to determine the extent of the interest of the defendants in, and to partition certain real estate located in Adams County, Indiana.

There was a trial by the court which made a general finding and rendered a judgment thereon, from which two of the defendants, Amanda Berning and Charles Berning, seek to appeal. The only error assigned by them in this court is assigned as follows:

"1. The Court erred in overruling appellants' motion for a new trial."

The brief of such appellants filed in this court relies upon and discusses only one error as a reason for reversal, and that is, "The court erred as to the appellants, Amanda Berning and Charles Berning, in overruling the appellants' *amended* motion for a new trial." (Our Italics.)

It will thus be noted that the appellants assigned but one error in their assignment of errors, and that they discuss but one error in their brief; but the error discussed in their brief is wholly different from the error assigned. No question for our determination can be presented in this manner.

We have carefully examined the transcript and we find that the general finding of the trial court and the judgment thereon from which appellants seek to appeal, were made and rendered on Friday, January 19, 1940, and that on Wednesday, February 14, 1940, and within thirty days, the appellants filed a joint and several motion for a new trial; and that thereafter and on Monday, March 11, 1940, and more than thirty days from and after the making of such finding and the rendition of such judgment, such appellants, over the objection of the appellees, filed an amended motion for a new trial. It is this *amended* motion alone that is mentioned and discussed in appellants' brief under that portion thereof devoted to "Errors Relied Upon For Reversal," and "Propositions and Authorities."

The original motion for a new trial is not set forth in the brief and no facts about the filing, contents or location thereof in the record is stated. Such brief does not show any facts concerning the trial court's ruling thereon or show any exception by appellants to any ruling. Under the rules of the Supreme and Appellate Court no question concerning the original motion for a new trial is presented for our determination by such a brief. *Branson* v. *Branson* (1935), 100 Ind. App. 81, 193 N. E. 686; *Fluck, Jr.* v. *Dahlberg* (1937), 103 Ind. App. 472, 8 N. E. (2d) 1008; *Washington Natl. Ins. Co.* v. *Hines* (1935), 101 Ind. App. 154, 198 N. E. 455; *Rhodes, Trustee* v. *Dunn* (1939), 106 Ind. App. 367, 19 N. E. (2d) 876.

If the overruling of appellants' *amended* motion for a new trial had been properly assigned in this court, nothing would have been presented for our determination by the appellants' brief upon such assignment of error.

The filing of an *amended* or supplemental motion for a new trial more than thirty days after the decision of the trial court on the merits of the cause, or after the rendition of the verdict of a jury, is not authorized by statute, and when so filed such a motion, and the trial court's ruling thereon, presents no question for consideration. §2-2403, Burns' 1933; *H. W. Johns-Manville Co.* v. *South Shore Mfg. Co.* (1919), 70 Ind. App. 484, 123 N. E. 648; *Smith* v. *First Natl Bk. of Hartford City, Exr.* (1937), 104 Ind. App. 299, 11 N. E. (2d) 58; *Income Guaranty Co.* v. *Zienlinski* (1939), 107 Ind. App. 248, 21 N. E. (2d) 87.

The appellants having pointed out no reversible error, the judgment is affirmed.

Devoss, C. J., not participating.

NOTE.—Reported in 40 N. E. (2d) 1005.