WILCOX, APPELLANT, *v.* GREGORY, APPELLEE.

(No. 5018—Decided November 16, 1960.)

*Mr. Joseph P. Mueller* and *Mr. Frederick H. Gillen,* for appellant.

*Messrs. Hershey, Browne, Wilson, Steel, Cook & Wolfe,* for appellee.

DOYLE, P. J.   Three assignments of error are presented in this appeal on questions of law from a judgment for the defendant, in an action for personal injuries, growing out of an automobile collision, tried before a jury in the Court of Common Pleas of Summit County.

The claimed errors which are asserted to be prejudicial and sufficient to justify a reversal of the judgment are stated as follows:

"1. The court erred in permitting the defendant to deny she pleaded guilty and to thereby deny the court record.

"2. The court erred in charging the jury that if they believed her denial they should disregard the court records.

"3. The court erred in charging the jury that the court records were required to be proven by the greater weight of the evidence."

The material facts of the grievance for which damages were sought are in the petition substantially as follows:

The plaintiff, Minnie L. Wilcox, operated her automobile in a northerly direction and in the easterly lane of High Street in the city of Wadsworth; the defendant operated her automobile behind the plaintiff, in the same direction and in the same traffic lane; the defendant "failed to have her vehicle under control" and operated same so as to collide with the rear end of plaintiff's automobile, causing plaintiff to sustain serious injuries.

One of the specific allegations of negligence was "that the defendant failed to stop her automobile within the assured clear distance ahead." This allegation is of major importance in the case, because it claims a violation of a penal statute of the state, and a penal ordinance of the city of Wadsworth, which ordinance formed the predicate for a criminal prosecution of the defendant in the mayor's court of Wadsworth.

The defendant, Norma Gregory, in her answer, pleaded that she was not guilty of negligence, and specifically asserted "that any injuries or damages which the plaintiff might have suffered were directly or proximately the result of the negligence of the plaintiff herself, in that she stopped or decreased the speed of her automobile suddenly and unexpectedly without giving plaintiff any notice of her intention so to do; or that said negligence of the plaintiff directly and proximately contributed to her injuries and damages * * *."

The reply of the plaintiff was in the form of a general denial of the claims of negligence directed against her.

It appears that, following the accident, the defendant, Nor-

ma Gregory, was charged by affidavit in the mayor's court of Wadsworth with operating "a motor vehicle contrary to ordinance 1761, Section 17, namely; did operate said vehicle at too great a speed so as to be able to stop within assured clear distance with conditions then existing." It is the claim of the appellant that the accused pleaded guilty to the charge, and, as a consequence thereof, she was entitled to have the jury charged as a matter of law that such fact was established, and that it was error "in permitting the defendant to deny * * * the court record." (Assignment of error No. 1.)

If the record of a court shows without question that an accused pleaded guilty in a criminal prosecution, there may arise an exception to the general rule that a judgment in a criminal case cannot be received in a civil action, to establish the truth of the facts on which it was rendered. A record showing such plea may be received in evidence in a civil action against the guilty pleader growing out of the same offense. The record is admitted, not as a judgment establishing the fact, but as the deliberate declaration or admission against interest that the fact is so, or, "in other words, a solemn confession of the very matter charged in the civil action." 31 A. L. R., 278, annotation "V." See also: cases cited in 57 A. L. R., 504, 80 A. L. R., 1145, and 18 A. L. R. (2d), 1287.

In this state the general rule has been codified as follows: Section 1.16, Revised Code:

"Anyone injured in person or property by a criminal act may recover full damages in a civil action, unless specifically excepted by law. *No record of a conviction, unless obtained by confession in open court, shall be used as evidence in a civil action brought for such purpose.*" (Italics ours.)

Case law is to the effect that, a plea of guilty by an alleged tort-feasor to a charge of traffic violation predicated upon a collision in which a person is injured, is admissible in an action brought against him by the party injured. *Freas* v. *Sullivan*, 130 Ohio St., 486, 200 N. E., 639.

See also: *Clinger* v. *Duncan*, 166 Ohio St., 216, at page 222, 141 N. E. (2d), 156; and *Clark* v. *Irvin*, 9 Ohio, 131.

Directing attention to the claims of error in the admission of oral testimony relative to the proceedings in the mayor's

court, we recognize that in many situations a thing adjudged by a court of competent jurisdiction, under definite conditions, must be received in evidence as irrefragable truth; and in this case, if a substantially complete record of the mayor's court, as required in Section 1905.01, Revised Code, definitely showed a plea of guilty by the accused, we would hesitate to allow her to testify that such was not a fact, and, in doing so, challenge the verity of the record. However, under the state of the record kept by the mayor, we are of the opinion, and so hold, that oral testimony was admissible, tending to show that the accused had not pleaded guilty, but that she was found guilty by the court.

The language of the record is uncertain and ambiguous. On the front of the affidavit charging the offense appear the words "pleaded guilty." It does not appear who wrote the words. In the transcript of the criminal docket of the mayor's court appears a record of the various items of "costs" charged to the accused. Here we find: "Taking waivers of trial by jury"—40 cents; "Hearing where evidence is introduced"—2 dollars; etc. From this uncertain record, and no definite judgment entry indicating the proceedings or judgment, it was for the jury in the later civil action to determine whether the defendant in the criminal case, and who is also the defendant in this civil case, pleaded guilty to the criminal charge, or whether her version of the proceedings reflected the truth. She testified that, in response to the criminal charge, she went to the mayor's office and related to the mayor the facts of the accident, but has no recollection of entering a plea of any kind to the charge; that thereupon the mayor made known to her his disposition of the case—fine suspended and payment of costs.

It is our conclusion that the first claim of error is not sustained. By analogy, the case of *Woodruff* v. *Paschen,* 15 Ohio App., 276, affirmed in *Woodruff* v. *Paschen,* 105 Ohio St., 396, 137 N. E., 867, sustains our position.

In the second assignment of error it is stated that the court erred in charging the jury that "if they believed her denial they should disregard the court records."

We have heretofore stated that, because of the state of the record kept in the mayor's court, it was proper to admit oral testimony tending to prove that the defendant had not pleaded

guilty to the criminal charge. It is obvious that if the jury believed the testimony of the defendant, and concluded that there was inadequate proof that she had pleaded guilty, and thereby made an admission against interest, then the court records were not material to any of the issues in the civil case and should have been disregarded by the jury. We find no error here.

The third assignment of error challenges the court's charge "that the court records were required to be proven by the greater weight of the evidence."

Pertinent to this claim, the court charged the jury as follows:

"The assured-clear-distance-ahead statute is a specific requirement and the violation thereof is negligence per se, or negligence as a matter of law.

"The statute is a safety regulation and imposes upon the operator of a motor vehicle at all times the unqualified obligation to be able to stop her car within the distance that discernible objects may be seen. The statute must be strictly construed and by its force the operator of a motor vehicle may therefore assume nothing that is not assured to her by the range of her vision. And I charge you in this instance that the plaintiff's automobile was a discernible object.

"*If you find by the greater weight of the evidence that the defendant pleaded guilty to the charge of operating her automobile at a speed greater than would permit her to bring it to a stop within the assured clear distance ahead then you will consider that plea of the defendant as a declaration against interest in determining whether she is guilty of negligence in this respect; but if you conclude that such is not proved then you will not consider the fact that the records showed she pleaded guilty as going to the question of negligence.*" (Italics ours.)

We have heretofore stated in effect that admissions by a defendant, in a criminal case, by a plea of guilty, may be competent as judicial admissions against the accused in a civil action involving the same subject matter. Admissions of this character are not received in evidence, however, as admissions of negligence; and while they may be accepted as an admission of culpability of the criminal offense charged, and therefore an

admission against interest in a civil action involving the same subject matter, the admission is not conclusive against a defendant in a civil action, and may be controverted. *Swigart* v. *Swigart*, 65 Ohio Law Abs., 582, 115 N. E. (2d), 871.

An adjudication of guilt by a court in a criminal action, pursuant to a plea of not guilty, of course is not admissible as an admission against interest in a subsequent civil action involving the same subject matter. If, therefore, there is a dispute in the record as to whether a plea of guilty was entered, or whether a finding of guilt was made by the court, proof by a preponderance of the evidence must satisfy a trier of the facts that a plea of guilty was entered before such evidence could be considered in the later suit involving the same subject. If this were not the rule, the trier of the facts could only guess or speculate whether an admission against interest existed.

We find no error in this claim.

*Judgment affirmed.*

STEVENS and HUNSICKER, JJ., concur.