HAMBEY, ADMINISTRATOR OF ESTATE OF HAMBEY *v.* MARY
E. HILL.

[No. 270A23. Filed May 18, 1971. Rehearing denied June 25, 1971.
Transfer denied September 20, 1971.]

*John S. Gonas,* of South Bend, for appellant.

*Richard F. Joyce, Kizer & Neu,* of Plymouth, for appellee.

BUCHANAN, J.—STATEMENT OF THE CASE AND FACTS—This appeal involves a wrongful death action by Hulitte Hambey, Administrator of the Estate of Eva L. Hambey, Deceased, against appellee, Mary E. Hill, arising out of a collision between automobiles driven by appellee and the decedent, Mrs. Hambey.

The collision occurred on a country road in Starke County, Indiana, on October 2, 1965, and there were no witnesses to the collision other than the drivers of the automobiles. A police officer arrived at the scene of the accident shortly thereafter, and as a result of his investigation Mrs. Hill was charged with failing to yield the right of way.

On December 4, 1965, Mrs. Hill was arrested and brought before the local justice of the peace, and upon arraignment entered a plea of not guilty. The proceedings before the justice of the peace are revealed by the transcript as follows:

". . . this 4th day of December, 1965. Costs none.

"Comes now the defendant, and being arraigned upon the above affidavit for plea, says she is not guilty as charged therein.

. . . .

"December 6, 1965, Comes now the defendant and changes her plea to guilty as charged therein.

## "TRIAL BY COURT

"Defendant states location is not properly stated on one road.

"And the evidence being heard, and the Court being advised, finds the defendant guilty as charged and assesses a fine against her in the sum of one dollar, and costs.

"It is therefore considered and adjudged by the Court that the defendant for the offense by her above committed, do make her fine to the State of Indiana, in the sum of one dollar, and that she pay the cost herein taxed at $18.25 and accruing costs, and that said defendant stand committed until the said fine and costs are paid or replevied."

The civil trial was to the court. Appellant-Hambey called only two witnesses. The police officer was not called nor subpoenaed. The first witness called for the plaintiff was the opposing party, Mrs. Hill. On direct examination, appellant's counsel attempted to introduce into evidence the transcript of the justice of the peace proceedings, which was objected to, and the trial court sustained the objection on the ground that no plea of guilty had been entered by Mrs. Hill.

Having failed to obtain anything other than repeated statements denying fault in any manner from Mrs. Hill, appellant then moved the court for a continuance for the purpose of calling the police officer who investigated the accident. The court's response was:

"We have set the case for trial, everybody has been notified. I changed it from the setting on the 9th, . . . but I am not going to grant a continuance right in the middle of the trial to get witnesses that you could have had originally."

Appellant's counsel gave no further reason for a continuance and finished his examination of Mrs. Hill.

The second witness was the appellant, who testified concerning the loss of his wife's services and the automobile she was riding in the day of her death. Appellant then rested and Mrs. Hill moved for judgment, which the trial court granted

on the day of the trial, *i.e.*, October 2, 1969. Appellant filed a Motion for New Trial on October 17, 1969.

The original Motion for New Trial was supplemented on October 23, 1969, on November 13, and again on November 21, 1969.[1]

■ Although appellant has listed ten specifications of error, he argues only two. The remaining eight alleged errors are thus waived. Rule AP. 8.3(A)(7).

ISSUES—Two questions are presented for review:

I. Did the trial court commit reversible error in sustaining the objection to the introduction of the transcript from the justice of the peace court?

II. Did the trial court abuse its discretion in overruling the Motion for Continuance?

Appellant argues that proof of his cause of action was substantially prejudiced by the exclusion of the transcript in that Mrs. Hill was charged with negligence and the transcript should have been admitted as evidence tending to prove her negligence.

As to the second question, appellant asserts that he should have been granted a continuance after being taken by surprise at defendant's denial of liability.

Appellee-Hill's position is that the exclusion of the transcript was proper since there was no proper foundation laid for its introduction and that she pleaded not guilty in the justice of the peace proceedings. Further, she points out that even if the transcript had been admitted, it would not have had a material effect upon the case.

As to the issue of continuance, Mrs. Hill contends that since no reason was given for the absence of the police officer, the court was within its discretion to deny the motion.

---

1. These Supplemental Motions of November 13 and 21, 1969 present no question for determination inasmuch as they were filed after the 30-day deadline. *Berning* v. *Scheuman* (1942), 111 Ind. App. 156, 40 N.E.2d 1005.

## DECISION

I. It is our opinion that the trial court did not commit reversible error in refusing to allow the transcript of the justice of the peace proceedings into evidence.

The general rule seems to be well settled that records of proceedings in criminal actions are not admissible in civil actions as proof of the facts upon which a party was convicted. This is particularly true where the civil action is for damages occasioned by the offense of which the party stands convicted. *Montgomery* v. *Crum* (1928), 199 Ind. 660, 161 N. E. 251. There is an exception, however, which has been recognized by our Indiana courts. In *Dimmick* v. *Follis* (1953), 123 Ind. App. 701, 111 N. E. 2d 486, 488, the court said:

> ". . . [A]n exception to this rule has been held to arise *where the defendant in the criminal case pleaded guilty and the record showing such plea and the judgment entered thereon is offered in evidence in a civil action against him growing out of the same offence.* Such record is admitted not as a judgment establishing the facts upon which it is based but as the *deliberate* declaration or admission against the defendant's interest in connection with the very matter charged in the civil action. Like any other admission its probative value may be destroyed by the circumstances under which it was given or by satisfactory explanation. Rudolph v. Landwerlen, 1883, 92 Ind. 34, 37; Hamm v. Romine, et ux., 1884, 98 Ind. 77, 81." (Emphasis supplied.)

As we read the *Dimmick* case, not only must the record show a plea of guilty, but it should also be clear that the judgment entered in the case was based upon the plea of guilty.

Our research yields a similar case in Ohio which exemplifies the need for certainty in the record that a plea of guilty was entered and judgment based thereon. In *Wilcox* v. *Gregory* (1960), 112 Ohio App. 516, 176 N. E. 2d 523, 526, the court said:

"The language of the record is uncertain and ambiguous. On the front of the affidavit charging the offense appear the words 'pleaded guilty.' It does not appear who wrote the words. In the transcript of the criminal docket of mayor's court appears a record of the various items of 'costs' charged to the accused. Here we find: 'Taking waivers of trial by jury'—40 cents; 'Hearing where evidence is introduced'—2 dollars; etc."

The Court of Appeals of Ohio responded to the transcript of the criminal docket with these words:

"If the record of a court *shows without question* that an accused pleaded guilty in a criminal prosecution, there *may arise* an exception to the general rule that a judgment in a criminal case cannot be received in a civil action,. . . ." (Emphasis supplied.)

The transcript of the justice of the peace proceedings presently before us is a blend of incongruous legal jargon. It first appears that on December 4, 1965, Mrs. Hill enters a plea of not guilty. On December 6, the day of trial, she changes her plea to guilty as charged. Then there is a *trial* by the court in which *the defendant challenges the affidavit* as not properly stating on which road she committed her violation. *Evidence is heard, and the defendant is found guilty* as charged and a fine assessed against her.

In our opinion, the uncertainty of the transcript as to the entry of the plea of guilty and the ambiguity of the plea on which the judgment was based justified the exclusion of the transcript. Admission of a declaration against interest under these circumstances violates the safeguard of the exception stated in *Dimmick* v. *Follis, supra.* *Dimmick* states that the admission of the record in a criminal case where there is a plea of guilty and judgment entered thereon is "like any other admission." However, such an admission does have the sanction of court authority behind it in that it represents official proceedings where a plea of guilty has been recorded and therefore appears to have special force and effect.

Even if the view is adopted that the plea of guilty is sufficiently clear from the proceedings in the justice of the peace court to justify admission, failure to do so would be harmless error. There would still exist in the evidence before the trial court failure of proof necessary to sustain the essential elements of plaintiff's cause of action.

For these reasons, the transcript of the justice of the peace proceedings was properly refused by the trial court and no reversible error occurred.

II. In our opinion, the trial court did not abuse its discretion in refusing to grant a continuance.

The statute in effect at the time of the trial, Ind. Stat. Anno. § 2-1304 (Burns 1967 Repl.), reads as follows:

> "Continuance by court—Costs—Because of amendment of pleadings.—Any court, *for good cause shown,* may continue any action at any stage of the proceedings, at the cost of the appellant, to be paid as the court shall direct: Provided, That if, by reason of an amendment to the pleadings, a party who would otherwise be ready for trial be compelled to obtain a continuance, it shall be at the costs of the party making the amendment." (Emphasis supplied.)

Our Indiana courts have consistently held that granting a continuance is discretionary with the court and should not be denied if good cause is shown. *Flick* v. *Simpson* (1969), 145 Ind. App. 698, 252 N. E. 2d 508.

Parties requesting a continuance must show facts constituting due diligence to obtain the attendance of an absent witness. *Pence* v. *Christman* (1860), 15 Ind. 257; *Pettit* v. *State* (1893), 135 Ind. 393, 34 N. E. 1118.

Trial courts traditionally have sought to accommodate counsel where continuances are sought in order that a litigant's case may be properly presented in court. In fact, reliance on judicial leniency in granting continuances has often served as an opiate to trial counsel. The result

has been undue delay in disposition of pending cases. Courts in recent years have justifiably tended to be more strict in requiring "good cause." *Flick* v. *Simpson, supra.* Rule TR. 53.3.

In the case before us, the appellant went to trial without issuing a subpoena for a key witness and attempted to prove liability for wrongful death out of the mouth of the opposing party. Unsuccessful, appellant then sought a continuance because "I am going to have to ask the state trooper to be here." Counsel stood mute before the court as to any other grounds or reasons for a continuance or as to any explanation as to the failure of the state trooper to be present. In overruling the Motion for Continuance, the court clearly indicated the case had been set twice for trial. Further, counsel did not seek a recess to attempt to reach the state trooper, but continued with his examination of the adverse party.

There is some indication that appellant's counsel entered the trial with a mistaken belief as to the terms of a proposed stipulation between the parties, but did not seek a continuance for this reason. Other than this fact gleaned from the record, we find no indication that the appellant or his counsel were misled. Nor can we find any evidence of diligence on the part of appellant to secure the presence of the police officer at the trial. *Pence* v. *Christman* and *Pettit* v. *State, supra,* require a party requesting a continuance to show facts constituting due diligence to obtain the attendance of an absent witness.

While we are sympathetic to the plight of counsel, we can find no abuse of discretion, and therefore the action of the lower court is affirmed.

Sullivan, P.J., Lowdermilk, Robertson, JJ., concur.

NOTE.—Reported in 269 N. E. 2d 394.