**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

STACHIE CAMPBELL,
            Appellant,

       v.

UNITED STATES POSTAL SERVICE,
            Agency.

DOCKET NUMBER
CH-0752-16-0336-I-1

DATE: March 8, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Donald Gallick, Esquire, Akron, Ohio, for the appellant.

Suzanne B. McCabe, Esquire, Philadelphia, Pennsylvania, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which sustained the agency's removal action. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, except as expressly MODIFIED by this Final Order to clarify the administrative judge's analysis of the appellant's disparate penalty claim.

## BACKGROUND

¶2    The agency removed the appellant from a Postmaster position for improper conduct. Initial Appeal File (IAF), Tab 1 at 13-18, Tab 9 at 31. The agency alleged that the appellant engaged in improper conduct when she used multiple agency credit cards to purchase fuel for her personal vehicle on at least eight occasions. IAF, Tab 1 at 6-11. The appellant filed a Board appeal alleging that the agency committed harmful procedural error and did not consider all of the evidence in its decision. *Id.* at 2. During the proceedings below, the appellant specifically alleged that the agency erred by providing incorrect information regarding how to contest the notice of proposed removal and substituting an official other than her immediate supervisor as the proposing official, and she further alleged that the penalty imposed exceeded the bounds of reasonableness. IAF, Tab 5 at 3, Tab 24 at 5-7.

¶3    Following a hearing, the administrative judge issued an initial decision sustaining the agency's removal action and finding that the appellant had not

proven her affirmative defenses. IAF, Tab 32, Initial Decision (ID). In the initial decision, the administrative judge incorporated her earlier ruling that the appellant was estopped from disputing the charge due to an Ohio municipal court's findings and judgment of the appellant's guilt regarding the same conduct that formed the basis of the charged misconduct, and found the agency proved the charge of improper conduct and a nexus between the sustained misconduct and the efficiency of the service. ID at 3. The administrative judge found that the appellant had not proven that the agency violated her due process rights or committed harmful procedural error when it cited to the wrong response rights in the notice of proposed removal or that the deciding official's predisposition to remove her prevented her from rendering an unbiased decision. ID at 4-7. The administrative judge further found that the appellant did not prove that the agency committed harmful procedural error when it appointed an official other than her immediate supervisor as the proposing official. ID at 8-9. Finally, the administrative judge found that the deciding official considered the appropriate *Douglas* factors,[3] that the appellant did not show that the agency treated any similarly-situated employees differently, and thus, that the penalty of removal was reasonable. ID at 10-13.

¶4      The appellant has filed a petition for review in which she reiterates or raises new arguments regarding due process, harmful procedural error, and the reasonableness of the penalty. Petition for Review (PFR) File, Tab 1 at 6. The agency has filed a response opposing the petition. PFR File, Tab 5. As set forth below, we find each of the appellant's arguments to be without merit.[4]

---

[3] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board articulated a nonexhaustive list of factors relevant to the penalty determination in adverse actions.

[4] Nearly 3 years after the appellant filed her petition for review, she filed a request to withdraw the petition. PFR File, Tab 6, Tab 7 at 1 n.1. Pursuant to the May 11, 2018 Delegation of Authority for the Clerk of the Board to dismiss petitions for review when a party has indicated an intent to withdraw the petition, the Clerk of the Board issued

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant is precluded from arguing that her lack of counsel during municipal court proceedings and the resulting conviction warrant reversing the initial decision.</u>

¶5    On review, the appellant argues that the administrative judge improperly considered her guilty plea in municipal court, which was entered without counsel present, thus violating her constitutional rights to counsel and due process. PFR File, Tab 1 at 6. To the extent the appellant contends that her guilty plea in municipal court does not estop her from challenging the agency's charged misconduct because her plea was obtained without counsel, she is precluded from raising the issue on review. Following a June 2016 telephonic status conference in which both parties participated, the administrative judge ruled that the appellant's guilty plea and resulting conviction for petty theft involved the same issues as the agency's charged misconduct, and under the doctrine of collateral estoppel, the appellant was precluded from challenging the charge. IAF, Tab 11 at 2. The administrative judge's order notified the parties that the ruling was final absent receipt of notice from a party challenging the ruling within 7 days of the order. *Id.* at 3.

¶6    The appellant filed a request for additional time to file an objection to the order, which the administrative judge granted, but the appellant, who was represented by counsel throughout the Board's proceedings below, did not file an objection. IAF, Tab 14 at 3, Tab 15. In her prehearing submission, the appellant noted the administrative judge's ruling but did not object to it. IAF, Tab 24 at 4. During the hearing, the appellant testified regarding her lack of counsel at the municipal court hearing but did not object to the administrative judge's collateral estoppel ruling on this ground. IAF, Tab 34, Hearing Transcript (HT) at 93-94 (testimony of the appellant). The appellant's failure to timely object to the

orders directing the appellant to perfect her request for withdrawal. PFR File, Tabs 7-8. The appellant did not respond. Accordingly, we have proceeded to a decision on the merits of her petition.

administrative judge's ruling regarding her guilty plea and conviction precludes her from raising the issue as a basis for review. *See Gallegos v. Department of the Air Force*, 121 M.S.P.R. 349, ¶ 16 (2014) (holding that the appellant's failure to timely object to the administrative judge's rulings regarding her affirmative defenses precluded her from raising the issue on review). The appellant has not otherwise contested the administrative judge's ruling that her guilty plea and resulting conviction for petty theft estopped her from challenging the agency's charge, and we discern no reason to disturb it.[5]

The appellant has not established that the agency committed harmful procedural error.

¶7          On review, the appellant maintains that harmful procedural error occurred when the agency designated an official other than her immediate supervisor to propose her removal. PFR File, Tab 1 at 6. The administrative judge considered

---

[5] In ruling that the appellant was estopped from challenging the agency's charge, the administrative judge mistakenly relied on the Board's standard for applying collateral estoppel to an issue previously litigated in a Federal court or proceeding. IAF, Tab 11 at 1-2. When, as here, an appellant is found guilty of a crime under state law, the Board will apply that state's collateral estoppel standards to determine the preclusive effect of the conviction. *Graybill v. U.S. Postal Service*, 782 F.2d 1567, 1571-73 (Fed. Cir. 1986) (applying Maryland law on collateral estoppel in determining the preclusive effect of the appellant's conviction in Maryland state court); *Mosby v. Department of Housing and Urban Development*, 114 M.S.P.R. 674, ¶¶ 5-6 (2010) (applying District of Columbia collateral estoppel standards). The issue of whether a guilty plea in a criminal prosecution of this nature has preclusive effect in a subsequent civil action is not settled law in Ohio. *See, e.g.*, *State v. C.A.*, 2015-Ohio-3437, 2015 WL 5011700, at ¶¶ 16-21 (Ohio Ct. App. 2015) (declining to give preclusive effect to a guilty plea in a subsequent proceeding to seal records); *Wilcox v. Gregory*, 112 Ohio App. 516, 516, 520-21, 176 N.E.2d 523, 524, 527 (Ohio Ct. App. 1960) (stating that a guilty plea and resulting conviction of a violation of a penal traffic ordinance is not admissible in a civil action against the accused growing out of the same offense); *but see Wloszek v. Weston, Hurd, Fallon, Paisley & Howley, LLP*, 2004-Ohio-146, 2004 WL 64947, at ¶¶ 37-41 (Ohio Ct. App. 2004) (finding that the transcript of the appellant's arraignment and plea proceeding, and her guilty plea, were sufficient to estop the appellant from denying liability in a malpractice action against her former attorney). We need not address this issue, however, as the appellant failed to preserve an objection to the administrative judge's ruling on this issue, and she has not challenged it on review. *See Gallegos*, 121 M.S.P.R. 349, ¶ 16.

the appellant's claim below and found that, although the substitution constituted a procedural error, it did not constitute harmful error. ID at 8-9. An agency's adverse action may not be sustained if an employee shows harmful error in the application of the agency's procedures in arriving at the decision. 5 U.S.C. § 7701(c)(2)(A). Harmful error cannot be presumed; an agency error is harmful only when the record shows that the error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Goeke v. Department of Justice*, 122 M.S.P.R. 69, ¶ 7 (2015). The appellant bears the burden of proving by preponderant evidence that the agency committed harmful error in reaching its decision. 5 C.F.R. § 1201.56(b)(2)(i)(C), (c)(1).

¶8        We agree with the administrative judge that the appellant did not establish her harmful error claim. Although the appellant showed that the agency did not follow its internal procedures for substituting a proposing official for her immediate supervisor, as set forth in the Employee and Labor Relations Manual (ELM) § 651.73, she did not show that the error was likely to have caused a different result.[6] IAF, Tab 24 at 20; ID at 8. The decision to substitute an official other than the appellant's immediate supervisor occurred before the appellant's immediate supervisor was asked to be the proposing official or to consider appropriate discipline for the appellant. IAF, Tab 24 at 9; HT at 9-10 (testimony of the immediate supervisor); ID at 8-9. A change in the proposing official does not constitute harmful error unless the change occurs after the original proposing official has reached a decision as to the appropriate penalty to

---

[6] The administrative judge concluded that the agency erred when it appointed an official other than the appellant's immediate supervisor as the proposing official; however, the agency's ELM does not prevent substituting an official other than an employee's immediate supervisor. IAF, Tab 24 at 20, ID at 8. Rather, the ELM requires the substitution to be made by one of three labor relations or human resources officials. Contrary to agency procedure, the deciding official made the substitution in this case at the recommendation of a human resources official who was not one of the three officials designated in the ELM. IAF, Tab 24 at 9, 20.

propose. *Bross v. Department of Commerce*, 389 F.3d 1212, 1218 (Fed. Cir. 2004); *Goeke*, 122 M.S.P.R. 69, ¶ 16. There is no evidence that the appellant's immediate supervisor had decided upon an appropriate penalty when the change was made, and she testified that she would have proposed the appellant's removal had she been the proposing official. IAF, Tab 24 at 9; HT at 10-11 (testimony of the immediate supervisor); ID at 8-9. Accordingly, we find that the administrative judge properly concluded that the appellant did not establish her affirmative defense of harmful procedural error.

¶9     The appellant's petition also alleges that the agency either committed a due process violation or harmful procedural error by appointing a biased proposing official. PFR File, Tab 1 at 6. She further alleges that the administrative judge failed to consider as evidence of the proposing official's bias that the agency's Office of Inspector General (OIG) caused negative publicity. *Id.* The appellant did not raise below an allegation of bias concerning the proposing official and has not shown that either argument is based on new and material evidence; accordingly, we will not consider them. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (holding that the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence).

The initial decision is modified to analyze the appellant's disparate penalty claim consistent with *Singh v. U.S. Postal Service*; however, the appellant has not shown that the administrative judge erred in sustaining the penalty of removal.

¶10     On review, the appellant argues that the administrative judge erred in sustaining the deciding official's penalty analysis. PFR File, Tab 1 at 6. When, as here, the agency's charge has been sustained, the Board will review an agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised management discretion within tolerable limits of reasonableness. *Archerda v. Department of Defense*, 121 M.S.P.R. 314, ¶ 25

(2014). The Board will modify a penalty only when it finds that the agency failed to weigh the relevant factors or that the penalty the agency imposed clearly exceeded the bounds of reasonableness. *Id.*

¶11      The appellant appears to maintain her argument from below that it was unfair for the deciding official to consider an online news article as evidence of the notoriety of the appellant's misconduct because the agency's OIG sent information regarding the appellant's conviction to the publication that posted the article. IAF, Tab 24 at 6; PFR File, Tab 1 at 6. We find that the appellant has shown neither a due process violation nor harmful procedural error in the deciding official's consideration of the negative publicity generated from the online article. The record reflects that the agency's OIG sent a press release to several publications regarding the appellant's conviction, and shortly thereafter, one of the publications posted an online article regarding the appellant's conviction. IAF, Tab 6 at 52, Tab 24 at 36. The deciding official considered the online article and the fact that the appellant's conviction was publicized online—which generated comments from the public—as evidence of the notoriety of the appellant's misconduct, even though she did not know at the time of her decision that it was the OIG that provided the press release to the publication posting the online article. IAF, Tab 1 at 16; HT at 61-62 (testimony of the deciding official).

¶12      The essential requirements of constitutional due process for a tenured public employee are notice of the charges against her, with an explanation of the evidence, and an opportunity for the employee to present her account of events. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985). Introducing new and material information by means of *ex parte* communications to the deciding official can undermine an employee's due process guarantee of notice and the opportunity to respond. *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376 (Fed. Cir. 1999). Here, when the deciding official made her decision, she had not received any information in addition to that provided to the appellant, and the appellant received notice of the online

article and an opportunity to respond to it; accordingly, the OIG's having provided the press release to the publication posting the online article did not violate the appellant's due process rights. IAF, Tab 1 at 9; HT at 61-62 (testimony of the deciding official).

¶13 The appellant has not alleged that the OIG's having provided the press release to the publication posting the online article constituted a failure on the agency's part to follow its procedures; accordingly, she has not shown a procedural error under 5 U.S.C. § 7701(c)(2)(A). Moreover, the deciding official testified that even if the online article had not existed, she nevertheless would have removed the appellant; accordingly, the appellant cannot demonstrate that, even assuming any error on the agency's part, it would have resulted in a different outcome. HT at 62 (testimony of the deciding official); *see Goeke*, 122 M.S.P.R. 69, ¶ 7. Finally, the online article contains information about the appellant's conviction not contained in the OIG's press release, but presumably available as a matter of public record. *Compare* IAF, Tab 6 at 52, *with* IAF, Tab 24 at 36. Accordingly, we cannot conclude that the agency alone caused the publication to generate the article and the resulting negative publicity that the deciding official considered in her decision, or that considering the article was otherwise improper.

¶14 The appellant also alleges that the administrative judge failed to conduct a full disparate penalty analysis; specifically, she maintains that a particular employee should have been considered as a comparator. PFR File, Tab 1 at 6. After the issuance of the initial decision, we overruled a portion of our precedent and clarified the law governing disparate penalty claims in *Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶¶ 10-18. Accordingly, we modify the initial decision to analyze the appellant's disparate penalty claim consistent with *Singh*.

¶15 Among the factors an agency should consider in setting the penalty for misconduct is the "consistency of the penalty with those imposed upon other employees for the same or similar offenses." *Id.*, ¶ 10 (quoting *Douglas v.*

*Veterans Administration*, 5 M.S.P.R. 280, 305 (1981)).  In assessing the agency's penalty determination, the relevant inquiry is whether the agency knowingly and unjustifiably treated employees who engaged in the same or similar offenses differently.  *Id.*, ¶¶ 14-17; *see Facer v. Department of the Air Force*, 836 F.2d 535, 539 (Fed. Cir. 1988) (providing that a person does not have a legally protected interest in the evenness of a misconduct penalty assessed on him compared to that assessed on others unless employees are knowingly treated differently "in a way not justified by the facts, and intentionally for reasons other than the efficiency of the service.").  The universe of potential comparators will vary from case to case, but it should be limited to those employees whose misconduct or other circumstances closely resemble those of the appellant.  *Singh*, 2022 MSPB 15, ¶ 13.

¶16        Although the administrative judge did not have the benefit of *Singh* when she issued the initial decision, she properly found that the particular employee in question was not similarly situated to the appellant.  The comparator was a noncareer, nonsupervisory employee, whereas the appellant was a supervisor and could be held to a higher standard of conduct than a nonsupervisor.  IAF, Tab 25 at 4-5; HT at 57-59 (testimony of the deciding official); *see Edwards v. U.S. Postal Service*, 116 M.S.P.R. 173, ¶ 14 (2010) (noting that agencies are entitled to hold supervisors to a higher standard than nonsupervisors because they occupy positions of trust and responsibility).  Although the nature of the misconduct was similar, as both the comparator and the appellant were charged with improper misconduct for use of an agency credit card to purchase personal items, the other employee's misconduct involved using an agency card on only one date, whereas the appellant's misconduct included using an agency card on at least eight dates, resulting in a theft conviction.  *Compare* IAF, Tab 1 at 6-9, *with* IAF, Tab 25 at 4-5.  The deciding official also considered the consistency of the appellant's penalty with other penalties but was unaware of the other employee's discipline when she issued her decision.  HT at 52-58 (testimony of the deciding official).

Given these factors, we conclude that there is not enough similarity between the appellant and the other employee to establish that they are similarly situated.

¶17        We find the appellant's other arguments regarding the reasonableness of the penalty unpersuasive.  PFR File, Tab 1 at 6.  The record reflects that the deciding official considered the appellant's years of service, lack of prior disciplinary history, and work record but did not find that they outweighed the seriousness of the offense.   IAF, Tab 1 at 15-16; HT at 62-63 (testimony of the deciding official).  The deciding official considered all relevant factors in her decision; accordingly, we find that the agency exercised management discretion within tolerable limits of reasonableness in removing the appellant, and we affirm the administrative judge's initial decision.

## NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx

FOR THE BOARD:                              /s/ for
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.