**Wayne PRIDEMORE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 47A04–9009–CV–447.**

Court of Appeals of Indiana, Fourth District.

Aug. 27, 1991.

Rehearing Denied Sept. 24, 1991.

K. Edwin Applegate, Applegate Law Offices, P.C., Bloomington, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Ian A.T. McLean, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

CONOVER, Judge.

Defendant–Appellant Wayne Pridemore appeals the trial court's judgment against him for Driving Left of Center, a Class C infraction under IND.CODE 9–4–1–69 and IC 9–4–1–127.1(b).

This appeal presents the following issues:

1. whether the operator of a motor vehicle is "driving" as contemplated by the statute when his vehicle goes left of the roadway's center line while under his control due to a sudden mechanical failure, and

2. whether the law requires a finding of *mens rea* on the part of those charged with infractions before judgment may be entered against them.

Pridemore, a 30 year veteran cement truck driver, was driving his rig down a slight incline in Bedford when he came upon some stopped traffic at an intersection. When he applied his brakes, the right front brake did not engage with the same force the left front one did, causing the rig to swerve left of the roadway's center line. A collision with an oncoming vehicle ensued and Pridemore was charged with violating IC 9–4–1–69 Driving on Left Side of Roadway, a Class C infraction under IC 9–4–1–127.1(b).

After trial on the merits, the Lawrence County Court entered judgment against Pridemore, and he appeals. Further facts, as necessary, follow.

Traffic infractions are civil, as opposed to criminal, proceedings in nature. Infraction proceedings are to be conducted in accordance with the Indiana Rules of Trial Procedure, the state must prove the commission of the infraction by only a preponderance of the evidence, and punishment for its commission is only a fine. There can be no imprisonment. There is no provision for any criminal procedure. The defendant need not be advised of his constitutional rights, as in a criminal proceeding. *Wirgau v. State* (1982), Ind.App., 443 N.E.2d 327, 329–30, *reh. den'd, trans. den'd;* IC 34–4–32–1(c); IC 34–4–32–1(d); IC 34–4–32–4.

Pridemore's first issue is he did not "drive" his vehicle left of center because brake failure only caused it to go in that direction. In other words, he is legally excused from complying with the left of center statute because his excursion into the opposite lane was not of his own volition, citing among others, *Carbon v. Johnson* (1967), 141 Ind.App. 369, 228 N.E.2d 52. We note, however, "drive" as defined in *Carbon* requires only that the vehicle be in motion, as opposed to "operate", more broadly interpreted to mean merely controlling the vehicle in question. It is undisputed Pridemore's vehicle was in motion.

Next, Pridemore claims the doctrine of sudden emergency is applicable to this case because his brakes failed, and he is not to be held to the same accuracy of judgment as one who has an opportunity for deliberation.

In other words, both issues—whether or not he was "driving" at the time, and whether or not he was acting in an emergency—are fact-sensitive. In the final analysis, Pridemore's arguments are merely implied invitations to reweigh the evidence. We will not do so.

■ When a party seeks to reverse an adverse judgment on the ground the evidence is insufficient to support the judgment, we will not reweigh the evidence nor judge the credibility of the witnesses. Rather, we look to the evidence which best supports the judgment and all reasonable inferences to be drawn therefrom. If there is substantial evidence of probative value supporting the trial court's judgment, it will not be overturned. *Eyler v. Eyler* (1986), Ind., 492 N.E.2d 1071, 1075, *reh. denied; In re Paternity of Tompkins* (1989), Ind.App., 542 N.E.2d 1009, 1013; *Parrish v. Anne Selig Marek, P.C.* (1989), Ind.App., 537 N.E.2d 39, 42, *trans. den'd.* When the trial court decides adversely to a party having the burden of proof on an issue, reversal on appeal is warranted only if the evidence not in conflict leads solely to a conclusion contrary to that reached by the fact finder. *Get–N–Go, Inc. v. Markins* (1989), Ind., 544 N.E.2d 484, 486; *Stewart v. State* (1988), Ind., 517 N.E.2d 1230, 1231.

The trial court determined both fact issues adversely to Pridemore, and we will not reweigh the evidence, as discussed above. Clearly, there is substantial evidence the vehicle was in motion at the time with Pridemore behind the wheel operating it, and the vehicle crossed the center line at the time. This constitutes substantial evidence supporting the trial court's judgment as to both issues.

■ Finally, Pridemore argues public policy requires a finding of intent or negli-

gence for a violation of the statute in question. We disagree. There need be no showing of *mens rea* before judgment may be entered in an infraction case because it is not a criminal matter. A mere showing the statute was violated by the defendant suffices. We find no error.

Affirmed.

CHEZEM and MILLER, JJ., concur.