**Harvey HEVENOR, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 34A02–0203–CR–240.**

Court of Appeals of Indiana.

Feb. 11, 2003.

Timothy J. Miller, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Zachary J. Stock, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Harvey Hevenor appeals his conviction for Dealing in Paraphernalia as a Class A

misdemeanor.[1] Specifically, Hevenor argues that the statute governing dealing in paraphernalia is unconstitutional because its penalties are not proportional to the enumerated offenses. Because the severity of the penalties for dealing in paraphernalia increases as the culpability required for the offense increases, we affirm.

## Facts and Procedural History

On November 29, 2000, the State charged Hevenor with Dealing in Paraphernalia as a Class A misdemeanor. In the charging information, the State alleged that on October 25, 2000, Hevenor recklessly sold a bulb-shaped smoking device for the inhalation of methamphetamine to Officer Jeff McKay of the Kokomo Police Department at Hevenor's store, Cosmic Harvey's.[2] On March 12, 2001, Hevenor filed a Motion to Dismiss challenging the constitutionality of Indiana Code § 35–48–4–8.5, the statute governing Dealing in Paraphernalia. After hearing argument on the Motion to Dismiss, the trial court denied the motion on April 24, 2001.

On February 18, 2002, a jury found Hevenor guilty. The trial court sentenced Hevenor to a suspended six-month sentence. The trial court placed Hevenor on six months informal probation and fined him $1,000. This appeal ensued.

## Discussion and Decision

 Hevenor contends that Indiana Code § 35–48–4–8.5 is unconstitutional because its penalties are not proportional to the nature of the offense. Specifically, Hevenor argues that the statute improperly imposes a harsher penalty for reckless dealing in paraphernalia than for knowing or intentional dealing in paraphernalia. Whether a statute is constitutional on its face is a question of law, and we review the

matter de novo. *State v. Moss–Dwyer,* 686 N.E.2d 109, 110 (Ind.1997). Article I, Section 16 of the Indiana Constitution provides "[a]ll penalties shall be proportioned to the nature of the offense." *Conner v. State,* 626 N.E.2d 803, 806 (Ind.1993). This provision goes beyond the protection against cruel and unusual punishment contained in the Eighth Amendment to the United States Constitution. *Id.* However, Section 16 applies "only when a criminal penalty is not graduated and proportioned to the nature of an offense." *Id.* (quoting *Hollars v. State,* 259 Ind. 229, 236, 286 N.E.2d 166, 170 (1972)). Relying on Article I, Section 16, the Indiana Supreme Court has held that the penalty for the lesser-included offense may not be greater than that provided for the greater offense. *Rector v. State,* 264 Ind. 78, 82, 339 N.E.2d 551, 554 (1976).

Hevenor asserts that Indiana Code § 35–48–4–8.5 is unconstitutional because the subsection that governs reckless dealing in paraphernalia is a Class A misdemeanor while the subsection that governs dealing in paraphernalia requires a knowing or intentional *mens rea* and is a Class A infraction. Hevenor argues that the penalty is not proportional because "[t]he punishment rises as the culpability required for the offense declines." Appellant's Br. p. 5. However, this argument is based on a flawed reading of the statute. Indiana Code § 35–48–4–8.5 provides:

(a) A person who keeps for sale, offers for sale, delivers, or finances the delivery of a raw material, an instrument, a device, or other object that is intended to be or that is designed or marketed to be used primarily for:

---

1. Ind.Code § 35–48–4–8.5(c).

2. The State filed an additional charge for an incident involving the sale of a smoking device to a confidential informant. However, this charge was later dismissed.

(1) ingesting, inhaling, or otherwise introducing into the human body marijuana, hash oil, hashish, or a controlled substance;

(2) testing the strength, effectiveness, or purity of marijuana, hash oil, hashish, or a controlled substance;

(3) enhancing the effect of a controlled substance;

(4) manufacturing, compounding, converting, producing, processing, or preparing marijuana, hash oil, hashish, or a controlled substance;

(5) diluting or adulterating marijuana, hash oil, hashish, or a controlled substance by individuals; or

(6) any purpose announced or described by the seller that is in violation of this chapter;

commits a Class A infraction for dealing in paraphernalia.

(b) A person who:

(1) knowingly or intentionally violates subsection (a); and

(2) has a previous judgment or conviction under this section;

commits dealing in paraphernalia, a Class D felony.

(c) A person who recklessly keeps for sale, offers for sale, or delivers an instrument, a device, or other object that is to be used primarily for:

(1) ingesting, inhaling, or otherwise introducing into the human body marijuana, hash oil, hashish, or a controlled substance;

(2) testing the strength, effectiveness, or purity of marijuana, hash oil, hashish, or a controlled substance;

(3) enhancing the effect of a controlled substance;

(4) manufacturing, compounding, converting, producing, processing, or preparing marijuana, hash oil, hashish, or a controlled substance;

(5) diluting or adulterating marijuana, hash oil, hashish, or a controlled substance by individuals; or

(6) any purpose announced or described by the seller that is in violation of this chapter;

commits reckless dealing in paraphernalia, a Class A misdemeanor. However, the offense is a Class D felony if the person has a previous judgment or conviction under this section.

(d) This section does not apply to the following:

(1) Items marketed for use in the preparation, compounding, packaging, labeling, or other use of marijuana, hash oil, hashish, or a controlled substance as an incident to lawful research, teaching, or chemical analysis and not for sale.

(2) Items marketed for or historically and customarily used in connection with the planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, concealing, injecting, ingesting, or inhaling of tobacco or any other lawful substance.

■ Hevenor is correct that the General Assembly explicitly mandated in Indiana Code § 35–48–4–8.5(c) that the culpable mental state required for a misdemeanor conviction of Dealing in Paraphernalia is "recklessly." While "recklessly" is not the most severe level of mental culpability, it is, nevertheless, a culpable mental state. *See State v. Keihn,* 542 N.E.2d 963, 965–66 (Ind.1989). The General Assembly has varied the culpable mental state required for a conviction in numerous statutes banning the sale of certain items:

For example, Indiana Code § 4–30–13–1 makes it a Class A misdemeanor to

*knowingly* sell a lottery ticket to a minor, and Indiana Code § 7.1–5–7–8 makes it a Class C misdemeanor to *recklessly* sell an alcoholic beverage to a minor. Further, Indiana Code § 35–46–1–10 makes it a Class C infraction to *knowingly* sell tobacco to a person under the age of eighteen, but it is a defense that the seller reasonably believed the person was at least eighteen. Likewise, Indiana Code § 35–49–3–3 makes it a Class D felony to *knowingly or intentionally* disseminate obscene material to a minor. *State v. Shelton,* 692 N.E.2d 947, 950 (Ind. Ct.App.1998) (finding that felony sale of handgun to minor under Indiana Code § 35–47–2–7 is strict-liability offense and does not require any culpable mental state) (emphases added). In drafting Indiana Code § 35–48–4–8.5(c), the General Assembly made the decision that a misdemeanor conviction only requires proof of reckless criminal intent.

■ Nevertheless, a faithful reading of subsection (c) does not create a proportionality problem when it is read in conjunction with subsection (a). We find that Indiana Code § 35–48–4–8.5(a) does not require a *mens rea* of "knowingly" or "intentionally" for an infraction violation; rather, subsection (a) is a strict-liability offense and thus does not require proof of a culpable mental state. While Indiana Code § 35–48–4–8.5(a) contains the word "intended," the word "intended" does not define the culpable mental state required for the subsection. Instead, "intended" is part of the relative clause modifying the antecedents "raw material, an instrument, a device, or other object." Ind.Code § 35–48–4–8.5(a). There is no language in subsection (a) indicating the level of culpability required for the infraction offense.

■ Generally, criminal intent has been viewed as a presumptive element in criminal offenses. *Keihn,* 542 N.E.2d at 966. While strict-liability offenses are not unknown to the criminal law and do not invariably offend constitutional requirements, they are typically disfavored. *United States. v. United States Gypsum Co.,* 438 U.S. 422, 437–38, 98 S.Ct. 2864, 57 L.Ed.2d 854 (1978). Although criminal intent has been generally viewed as a presumptive element in criminal statutes, Indiana Code § 35–48–4–8.5(a) is only an infraction. Even if infractions may once have been criminal offenses, they are now civil proceedings. *State v. Hurst,* 688 N.E.2d 402, 405 (Ind.1997). Therefore, "[t]here need be no showing of *mens rea* before judgment may be entered in an infraction case because it is not a criminal matter. A mere showing the statute was violated by the defendant suffices." *Pridemore v. State,* 577 N.E.2d 237, 239 (Ind.Ct.App.1991), *reh'g denied; see also Hurst,* 688 N.E.2d at 405. Because the violation of Indiana Code § 35–48–4–8.5(a) is a Class A infraction, the element of criminal intent is not required for that subsection. *But see Avant v. State,* 779 N.E.2d 538, 542 (Ind.Ct.App.2002) (holding that the *mens rea* of knowingly should be read into both the infraction and criminal violation of Indiana Code § 35–48–4–8.3, Possession of Paraphernalia).

Not only is a culpable mental state not required in subsection (a), the General Assembly specifically removed it from that part of the statute. The predecessor to the current statute for Dealing in Paraphernalia, Indiana Code § 35–48–4–8.2(a), provided that "a person who *knowingly or intentionally* keeps for sale, offers for sale, or delivers a raw material, instrument, device, or other object that he intends to be· or that is designed or marketed to be used primarily for" controlled substance use "commits dealing in paraphernalia, *a Class D felony.*" Ind.Code

§ 35–48–4–8.2(a) (1986) (emphasis added); *see also Nova Records, Inc. v. Sendak,* 706 F.2d 782, 784 (7th Cir.1983). In 1989, the General Assembly removed the language "knowingly or intentionally" from Indiana Code § 35–48–4–8.2(a) and made it a Class A infraction to violate that subsection. P.L. 202–1989, § 4. The General Assembly also made it a Class D felony for a person with a previous judgment for Dealing in Paraphernalia to knowingly or intentionally violate the section. *Id.* In 1990, the General Assembly added the subsection making it a Class A misdemeanor for a "person who recklessly keeps for sale, offers for sale, or delivers" drug paraphernalia. P.L. 166–1990, § 1. Finally, in 1991, the provisions contained in Indiana Code § 35–48–4–8.2 were recodified at Indiana Code § 35–48–4–8.5. P.L. 1–1991 §§ 205, 206. While a culpable mental state is still required for felony and misdemeanor convictions for Dealing in Paraphernalia, no criminal intent is needed for Dealing in Paraphernalia as a Class A infraction. I.C. § 35–48–4–8.5.

Furthermore, reading Indiana Code § 35–48–4–8.5(a) as written—without a culpability requirement—does not expose dealers of purely innocent items to Class A infractions. Subsection (d) of the statute provides that items marketed for or customarily used in connection with tobacco or any other lawful substances do not fall under the governance of the statute. I.C. § 35–48–4–8.5(d)(2). Therefore, even without a culpability requirement, dealers are not subject to a Class A infraction if their wares are customarily used for legal purposes.

Because Indiana Code § 35–48–4–8.5(a) is a strict-liability offense and does not require proof of a culpable mental state, whereas a misdemeanor conviction under the statute requires proof of at least reckless culpability, we find that there is no

support for Hevenor's assertion that the punishment under Indiana Code § 35–48–4–8.5 rises as the culpability required for the offense declines. Therefore, we find that the penalties under Indiana Code § 35–48–4–8.5 are constitutional because they are proportional to the nature of the offense. Thus, we affirm the judgment.

BAKER, J., and BARNES, J., concur.