Victor LEPUCKI, Maria Lepucki, Elisha Lepucki, A Minor, and Amber Lepucki, A Minor, Appellants–Plaintiffs,

v.

LAKE COUNTY SHERIFF'S DEPARTMENT, Appellee–Defendant.

No. 45A03–0212–CV–439.

Court of Appeals of Indiana.

Nov. 14, 2003.

Publication Ordered Dec. 23, 2003.

As Corrected Jan. 7, 2004.

David S. Gladish, Smith & DeBonis, LLC, Highland, IN, Attorney for Appellants.

John P. Bushemi, John P. Bushemi & Associates, Merrillville, IN, Attorney for Appellee.

## OPINION

KIRSCH, Judge.

Maria Lepucki, her husband, Victor Lepucki, and their minor daughters, Amber and Elisha Lepucki (collectively the "Lepuckis"), seek a new trial following the jury's verdict in favor of the Lake County Sheriff's Department ("LCSD") on the Lepuckis' claims against LCSD for damages suffered as a result of a vehicular collision between Maria and Officer Robert Mahan of the LCSD. Of the Lepuckis' three issues, we find the following dispositive: whether the trial court abused its discretion in admitting evidence that Maria was cited and found liable under IC 9–21–8–35 for failing to yield to Officer Mahan's emergency vehicle.

We reverse and remand for a new trial.

## FACTS AND PROCEDURAL HISTORY

Maria and Officer Mahan were involved in an automobile collision on September 7, 1998, at the intersection of U.S. 30 and State Road 55 in Merrillville, Indiana. This is a large and busy intersection; at that location, U.S. 30 contains eight lanes, including turn lanes. At approximately 3:30 p.m., Officer Mahan, while on patrol duty, was stopped at a red light at the intersection, facing north on State Road 55, when he received a dispatch call concerning a burglary in progress at a location to the west of where he was located. He activated his siren, emergency lights, flashing headlights, and horn to alert other motorists that he intended to turn left (west) on to U.S. 30. After he observed that eastbound and westbound U.S. 30 traffic was stopped in recognition of his presence, he slowly proceeded into the intersection. At that time, Maria was driving her 1988 Mercury Grand Marquis in the left lane of eastbound traffic on U.S. 30 with her two daughters as passengers. She did not see Officer Mahan's vehicle in time to avoid a collision, although she braked and veered to the left. The front left bumper of Officer Mahan's patrol car struck the rear right quarter panel of Maria's car, and she came to a stop in the median grassy area dividing U.S. 30.[1]

Officer Mahan immediately radioed dispatch to advise of the accident, and he approached Maria's vehicle to inquire whether any passengers in the vehicle were injured. Shortly thereafter, Officer Colin Harms arrived at the scene to investigate the accident. No witnesses remained at the scene or provided statements. Officer Harms issued Maria a citation for violation of IC 9–21–8–35, failure to yield to an emergency vehicle, a Class C infraction. After a subsequent bench trial on the traffic citation, Maria was found liable for the infraction and fined $1.00 plus court costs.

The Lepuckis filed suit against LCSD, claiming that Officer Mahan's negligence caused them injuries. At trial, the Lepuckis sought to exclude evidence that Ma-

---

1. The Lepuckis submitted evidence of $2,887.93 in property damage to their vehicle. *Exhibits Vol.* at 163. The front left bumper of Officer Mahan's vehicle was scratched from the impact. *Exhibits Vol.* at 95.

ria was found liable for failure to yield to an emergency vehicle. However, the trial court denied their motion in limine on this issue and allowed into evidence her violation of IC 9–21–8–35.

The jury returned a verdict in favor of LCSD, and the Lepuckis now appeal.

### DISCUSSION AND DECISION

The Lepuckis argue that the trial court erred when it permitted into evidence Maria's traffic infraction conviction for failure to yield to an emergency vehicle. The standard of review for admissibility of evidence is abuse of discretion. *Blocher v. DeBartolo Props. Mgmt., Inc.,* 760 N.E.2d 229, 233 (Ind.Ct.App.2001), *trans. denied* (2002). The trial court abuses its discretion only when its action is clearly erroneous and against the logic and effect of the facts and circumstances before the court. *Id.* Even when the trial court errs in its ruling on the admissibility of evidence, this court will reverse only if the error is inconsistent with substantial justice. *Id.* " 'In determining whether an evidentiary ruling has affected an appellant's substantial rights, we assess the probable impact of the evidence on the jury.' " *Id.* (quoting *City of Indianapolis v. Taylor,* 707 N.E.2d 1047, 1055 (Ind.Ct.App.1999), *trans. denied*).

Here, prior to trial, the Lepuckis filed a motion in limine asking the court to exclude all evidence of the failure to yield citation and its disposition. The court denied that motion. Thereafter, Officer Mahan testified to the fact that Officer Harms issued the citation to Maria for failure to yield. The Lepuckis did not object to this testimony, but objected later when Officer Mahan was asked about the results of the trial on the citation. Although the trial court sustained this objection, it ultimately admitted into evidence certified copies of the infraction citation and the subsequent court ruling finding her liable. *Exhibits Vol.* at 172–75.

■ The Lepuckis contend that the infraction evidence should have been excluded, arguing that admission of the infraction violation prejudiced her and deprived her of a fair trial. We agree.

The Lepuckis first argue that the evidence should have been excluded because criminal proceedings are generally not admissible in civil actions as evidence of the facts upon which a conviction was had. *See Dimmick v. Follis,* 123 Ind.App. 701, 704, 111 N.E.2d 486, 488 (1953) (noting the parties to the two records are not the same, the course of proceedings are different, and a higher degree of proof is required in criminal than in civil cases). *See also* 8 Am Jur 2d *Automobiles and Highway Traffic* § 1255 (1997) ("In actions to recover for injuries sustained allegedly as a result of the negligent operation of a motor vehicle, evidence of prior criminal convictions for the same acts is generally excluded, either because of the often perfunctory nature of the "criminal" proceedings in such cases ..., or because of traditional reasons as to variations in parties, procedures, and the like.").

In particular, the Lepuckis direct us to *Hambey v. Hill,* 148 Ind.App. 662, 269 N.E.2d 394 (1971), a civil suit arising out an automobile accident. There were no witnesses to the accident, and the officer who arrived at the scene shortly thereafter charged Hill with failure to yield the right of way. At trial, Hambey attempted to introduce into evidence the transcript of the failure to yield proceedings at which Hill was found guilty and assessed a one-dollar fine and court costs. The trial court denied the request. On appeal, the court affirmed the trial court's exclusion of the evidence, relying upon the general rule that "records of proceedings in criminal

cases are not admissible in civil actions as proof of the facts upon which a party was convicted." *Id.* at 396–97.[2]

As the Lepuckis correctly acknowledge, our legislature does allow the admission of prior convictions in certain circumstances. For instance, IC 34–39–3–1 states in pertinent part:

Evidence of a final judgment that:

(1) is entered after a trial or upon a plea of guilty; and

(2) adjudges a person guilty of a crime punishable by death or imprisonment of more than one (1) year;

shall be admissible in a civil action to prove any fact essential to sustaining the judgment, and is not excluded from admission as hearsay regardless of whether the declarant is available as a witness.

We agree with the Lepuckis that Maria's traffic infraction is not within the scope of IC 34–39–3–1, and the traffic violation is not admissible under the authority of that statute.

Ind. Evidence Rule 803(22), concerning judgments after conviction, is similar in substance to IC 34–39–3–1, and it states that the following evidence is not excluded by the hearsay rule:

Evidence of a final judgment entered after a trial or upon a plea of guilty (but not upon a plea of nolo contendere), adjudging a person guilty of a crime punishable by death or imprisonment in excess of one year, to prove any fact essential to sustain the judgment, but not including, when offered by the government in a criminal prosecution for

purposes other than impeachment, judgments against persons other than the accused. The pendency of an appeal may be shown but does not affect admissibility.

However, "Convictions for misdemeanors or traffic offenses are not within the scope of this rule." 13 MILLER, ROBERT LOWELL, JR., INDIANA EVIDENCE § 803.122 at 698 (2d ed.1995).

■ Beyond the hearsay concerns, the infraction violation evidence also remains subject to other evidentiary considerations, including Evid. R. 403, i.e., did its prejudicial effect outweigh its probative value? We conclude it did. In Indiana, the violation of a motor vehicle safety statute creates a rebuttable presumption of negligence, which may be overcome by evidence that the driver, even though violating the statute, acted as a reasonable prudent person would act under the circumstances. *Osterloo v. Wallar ex rel. Wallar,* 758 N.E.2d 59, 62–63 (Ind.Ct.App.2001), *trans. denied* (2002); *see also TMC Transp., Inc. v. Maslanka,* 744 N.E.2d 1052, 1055 (Ind. Ct.App.2001), *trans. denied* (plaintiff claimed defendants violated motor vehicle safety statutes and were therefore prima facie negligent); *McKinney v. Pub. Serv. Co. of Indiana, Inc.,* 597 N.E.2d 1001, 1007 (Ind.Ct.App.1992), *trans. denied* (1993) (violation of motor vehicle safety statute creates rebuttable presumption of negligence).

In this case, whether Maria violated IC 9–21–8–35 (failure to yield) was relevant. To that end, the court properly instructed the jury as to the elements of IC 9–21–8–35, continuing, "If you find from a prepon-

**2.** We note that subsequent to *Hambey,* the legislature amended the traffic code in 1981 and, although infractions were once criminal offenses, they are now civil proceedings. *See Hevenor v. State,* 784 N.E.2d 937, 941 (Ind.Ct. App.2003). " '[T]he State must prove the

commission of the infraction by only a preponderance of the evidence[.]' " *Preston v. State,* 735 N.E.2d 330, 332 (Ind.Ct.App.2000) (quoting *Pridemore v. State,* 577 N.E.2d 237, 238 (Ind.Ct.App.1991)).

derance of the evidence that any party violated this [statute] on the occasion in question and the violation was without excuse or justification, such conduct would constitute [fault] [negligence] to be assessed against that party." *Appellants' Appendix* at 100. However, the Lepuckis argue, and we agree, the evidence that another court had already determined that she violated the statute usurped or, at a minimum, tainted the jury's province in this regard. The Lepuckis claim particular injustice because the infraction court did not consider whether Officer Mahan breached the statutory duty of care imposed on him as a driver of an emergency vehicle, a matter relevant in their tort action against the LCSD. *See Horne v. State*, 572 N.E.2d 1333, 1336 (Ind.Ct.App. 1991), *trans. denied* (statutory duty of care owed by driver of emergency vehicle provides no defense for individual charged with failure to yield, but such duty is relevant in actions sounding in tort) (citing *Ryan v. State*, 539 N.E.2d 983, 985 (Ind. Ct.App.1989)). That is, they argue, the infraction court did not consider matters that the jury in the tort case should have considered but did not because of the conclusive effect of the prior infraction violation.

 The trial court addressed that matter by giving the following limiting instruction regarding the infraction evidence:

> Because of evidentiary rules the Judge who decided the traffic case was not allowed to hear or consider all of the evidence that you have heard and are to consider in this case. Therefore, Maria Lepucki's conviction for failure to yield the right of way to an emergency vehicle

does not conclusively prove contributory negligence on her part. It is just part of the evidence that you must evaluate in coming to your verdict.

*Appellants' Appendix* at 93. Although we appreciate the trial court's efforts to mitigate the effect of the prior infraction violation, we are not convinced that the instruction adequately cured the prejudice resulting from the admission of the evidence, particularly in this case against a governmental entity, where any degree of negligence on Maria's part precluded recovery.

In the end, we cannot conclude that Maria's substantial rights were not affected by the admission of the evidence that she had been found liable for the traffic citation. While there appears to be a trend toward the admission of such evidence, the law has not yet reached this point.[3]

Reversed and remanded.

VAIDIK, J., concurs.

BAILEY, J., concurs with separate opinion.

BAILEY, Judge, concurring.

I fully concur with the majority's conclusion that the trial court erred in admitting the disposition of the traffic infraction, but write separately to expand on the analysis of the majority opinion.

Indiana Code Section 34–39–3–1 and Evidence Rule 803(22) essentially codify the exception to the general rule discussed in *Dimmick*, that the judgment resulting from a guilty plea in a felony proceeding is admissible in a subsequent civil proceeding. Section 34–39–3–1 and Rule 803(22) further expand that exception to allow the

---

**3.** We note that if Maria had admitted to the traffic citation, that fact would have been admissible as a statement by a party-opponent. Evid. R. 801(d)(2); 13 MILLER, *supra* § 803.122 (party's guilty plea to something short of a felony is a statement of a party-opponent); 12, MILLER, *supra* § 410.107 (most courts allow evidence of admission to minor offenses to be admitted as statement of party-opponent).

admission of a judgment of felony conviction after a trial. As the majority correctly concludes, these rules do not apply here because the underlying traffic infraction is not a felony, nor did Maria admit responsibility for the infraction. The majority also correctly notes that had Maria admitted to the infraction, her plea could be admissible as a statement by party-opponent under Indiana Evidence Rule 801(d)(2).[4]

In addition, while neither party raises collateral estoppel as an issue, this concept can bar relitigation of issues adjudicated in a prior lawsuit. *See Doe v. Tobias*, 715 N.E.2d 829, 831 (Ind.1999). "Defensive collateral estoppel," as applicable here, occurs when a defendant in litigation wishes to keep the plaintiff from relitigating an issue that the plaintiff has already litigated and lost in another proceeding. *Slutsky v. Crews*, 713 N.E.2d 288, 291 (Ind.Ct.App. 1999). In determining whether defensive collateral estoppel is appropriate, "the court must consider whether the party against whom the judgment is pled had a full and fair opportunity to litigate the issue and whether it would be otherwise unfair under the circumstances to permit the use of collateral estoppel." *Id.*

In considering whether an adjudication of a traffic infraction offers a "full and fair opportunity to litigate," much of the rationale precluding the admission of such judgments, as outlined in *Dimmick*, is applicable here. The lesser consequences and procedures involved in infraction proceedings simply do not warrant the reliability necessary for estoppel to apply. Moreover, traffic infractions are now judged by a preponderance of evidence, and this change does not make the resulting judgment more reliable. Although estoppel may allow a party to introduce evidence of a prior conviction in some instances, the facts here do not support the admission of Lepucki's infraction adjudication.

Finally, I agree with the majority's analysis under Evidence Rule 403(b) concerning the overly prejudicial nature of the infraction adjudication. However, I would further note the prejudicial nature of the traffic citation itself and would have disallowed such testimony had an objection been made. Just as the evidence of the infraction adjudication "tainted" the province of the jury, the testimony by a uniformed officer that Maria was cited for a traffic infraction similarly gives unfair weight to the "official" conduct by the officer, especially where, as here, the county was a party to the action.

### ORDER

The Appellants, by counsel, have filed a Motion to Publish Court's Opinion handed down November 14, 2003, Counsel states that the Court's opinion involves an issue of substantial public importance and requests that this Court publish its opinion.

Having reviewed the matter, the Court FINDS AND ORDERS AS FOLLOWS:
1. The Appellants' Motion to Publish is GRANTED, and this Court's opinion handed down on November 14, 2003, marked Memorandum Decision, Not for Publication is now ORDERED published.

KIRSCH, BAILEY, and VAIDIK, J.J., concur.

---

4. While the majority notes a growing trend for admitting this kind of evidence, the trend appears to apply only to judgments based on guilty pleas, and not convictions after a trial. 73 A.L.R.4th 691, 699–708 (1989); *see also id.* at 698–699 (only three states subscribe to general rule admitting evidence of conviction). Thirteen states apply to the general rule that such convictions are inadmissible. *Id.* at 708–11.